*United States Attorney*
*Southern District of New York*

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/10/08

86 Chambers Street
New York, New York 10007



RECEIVED
MAY 2 2008
U.S. DISTRICT JUDGE
S.D.N.Y.

May 22, 2008

By Hand

Honorable Harold Baer, Jr.
United States District Judge
United States Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

   Re: Thomas J. Murray v. Astrue
     07 Civ. 10637 (HB)

Dear Judge Baer:

  This Office represents the Commissioner of Social Security, defendant in the above-captioned action. Defendant respectfully submits this letter in reply to Plaintiff's Opposition to Defendant's Motion to Dismiss ("Pl. Br."), which was filed on or about May 8, 2008.

  Plaintiff essentially argues that the administrative law judge ("ALJ") erroneously relied upon the non-examining expert opinion of Dr. Bernanke, over that of his own treating source, Dr. Steven Harwin, and the opinions of Dr. DeFeo and Dr. Goldman limiting plaintiff to less than sedentary work. Pl. Br., 2-3.

  However, in determining that plaintiff was able to perform sedentary work that did not require overhead reaching or lifting more than five pounds with his right arm, the ALJ relied on the October 2004 medical expert opinion from Dr. Harwin that plaintiff was able to sit, stand, and walk without limitation, that plaintiff could occasionally lift and carry up to five pounds with his right arm, and the medical expert opinion of Dr. Bernanke that plaintiff was able to lift ten pounds and otherwise perform sedentary work. Tr. 24, 336-37, 607-08. As explained in defendant's moving brief, the ALJ properly relied on Dr. Harwin's October 2004 opinion and Dr. Bernanke's medical expert opinion because these opinions were most consistent with the overall medical record containing minimal findings related to plaintiff's right shoulder. Defendant's Memorandum of Law in Support of His Motion to Dismiss, at 19-21.

  At Exhibit H of his submission, plaintiff provided a November 28, 2006 report from Dr. Goldman, his pension application endorsed in January 1999, a Worker's Compensation

decision dated April 17, 1996, and several duty-related injury reports from December 1991 through March 1998. These reports were not submitted during the administrative proceedings. See Tr. 40-527.

Under the sixth sentence of 42 U.S.C. § 405(g), the Court may order additional evidence be taken before the Commissioner, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior pro-ceeding. 42 U.S.C. § 405(g); accord Lisa v. Secretary of Department of Health and Human Services, 940 F.2d 40, 43 (2d Cir. 1991); Tirado v. Bowen, 842 F.2d 595, 597 (2d Cir. 1988). In Tirado, the Second Circuit summarized the statutory requirements to obtain remand for consideration of new evidence and material evidence:

> [A]n appellant must show that the proffered evidence is (1) "'new' and not merely cumulative of what is already in the record" [citation omitted], and that it is (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative [citation omitted]. The concept of materiality requires, in addition, a reasonable possibility that the new evidence would have influenced the [Commissioner] to decide claimant's application differently [citations omitted]. Finally, claimant must show (3) good cause for her failure to present the evidence earlier.

842 F.2d at 597. Plaintiff has not satisfied the statutory requirements for obtaining remand for consideration of new evidence. Here, plaintiff provided no explanation as to why this evidence, all of which predates the ALJ's April 27, 2007 decision, was not submitted during the administrative proceedings. Therefore, the good cause requirement has not been satisfied.

In any event, the evidence is not material. In particular, the work-duty accident reports all predate the alleged onset date of July 15, 2000. See Exh H, Tr. 127-30. The Worker's Compensation decision shows only that plaintiff was compensated under that program for his shoulder injury, a fact that is not at odds with the ALJ's decision. Further, Dr. Goldman's report, in which he opined that plaintiff could not lift any weight, is based upon a single examination that took place on November 27, 2006, which is nearly two years after plaintiff's date last insured expired. See Exh. H, Tr. 141, 149. Notably, the ALJ was already aware that Dr. Goldman considered plaintiff unable to carry out even sedentary work. Tr. 493-98. Thus, there is not a reasonable possibility that this nearly identical report would have caused the ALJ to decide the case differently.

Because plaintiff has failed to establish that this case should be remanded pursuant to the sixth sentence of 42 U.S.C. § 405(g) and because substantial evidence supports the ALJ's decision, and he evaluated the evidence under the correct legal standards, the Commissioner's decision to deny Social Security disability benefits in this matter should be affirmed. 42 U.S.C. § 405(g); Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982).

I respectfully request that this letter be docketed as part of the record in this action.

Thank you for your consideration of this request.

Respectfully,

MICHAEL J. GARCIA
United States Attorney

BY: _____
LESLIE A. RAMIREZ-FISHER
Assistant U.S. Attorney
Telephone: (212) 637-0378
Fax: (212) 637-2750

cc: Thomas Murray, Plaintiff Pro Se (By Regular Mail)

*[Handwritten note: "This letter is to be docketed as a reply in this matter. Harold Baer"]*

*[Handwritten date: 6/9/08]*

3